## SUPREME COURT.

### ELBRIDGE A. KINGMAN agt. JETTE FRANK and GUSTAVE FRANK.

*Husband and wife — Debtor's wife not liable in action by a creditor of husband after judgment and execution against him returned unsatisfied.*

Money due from a wife to her husband, for services under an employment by her in her separate business cannot be reached in an action against the wife by a creditor of the husband, after a judgment and execution against him returned unsatisfied.

*Special Term, March,* 1883.

DEMURRER to complaint.

*August Kohn,* for demurrer.

*John B. Leavitt,* opposed.

VAN VORST, *J.* — The defendants, Jette and Gustave Frank, are husband and wife. The wife carried on business as a

*feme sole* selling merchandise. The complaint alleges that on the 2d day of January, 1880, it was agreed by and between the defendants that the husband should be employed to manage her business and superintend the same, and buy and sell goods in the usual course of trade, and that the wife should give him as compensation for such services a weekly salary; that the husband had rendered the services, but that his wife had failed to pay him.

The money claimed to be due from the wife to the husband, $1,000 and upwards, growing out of such employment and promise, is sought to be reached in this action by a creditor of the husband, after a judgment and execution against him returned unsatisfied.

The defendants demur to the complaint.

In opposition to the demurrer it is urged by the counsel for the plaintiff that the husband could have sued his wife at law, upon her refusal or failure to pay, and have recovered from her for his services, and that the judgment-creditor stands in his shoes, and may, through a receiver to be appointed herein or otherwise, do the same thing. I am referred to no case in this state, and I know of none, in which it has been decided that a husband can maintain an action against his wife upon such a promise and consideration.

But upon the other hand (*Perkins* agt. *Perkins*, 62 *Barb.*, 531), the opinion in which was written by POTTER, J., an experienced and able jurist and commentator upon statutes, is decidedly against the propriety or lawfulness of such a suit, upon the grounds that neither by the principles of the common law, nor in virtue of any statute, could the husband sue his wife upon any such promise. The reasons for such conclusion, and, in fact, all that need be said upon that subject, will be found in judge POTTER's able opinion. But it is contended that the husband has some equitable rights, growing out of the nature of his service, and from the fact that his wife was carrying on a separate business, which could be enforced by him, and through him, the plaintiff. Equities in

favor of a husband, where his wife has, by a proper instrument, or sufficient agreement, created a lien, general or specific, upon her separate estate, may, without doubt, be enforced by him in an appropriate action and form.

But such is not this case. The idea of any equitable lien or claim upon the wife's separate estate or property is, under the facts alleged in this case, vague and shadowy. Creditors have in some general sense an equitable right or claim upon . their debtors' property, but that does not obviate the necessity of an action at law to establish the debt and the exhausting of legal remedies. The husband, I am sure, could not maintain any such action against his wife. He gets no such right of action from the married woman's acts, which were designed to protect her. It is clearly against the policy of the law that the peace of the marital relation should be disturbed by actions at law of such a character.

A specific lien upon her separate estate in favor of her husband, founded upon a good consideration, could be doubtless enforced thereout, but nothing more.

The creditor can certainly do nothing more than the husband could by way of enforcing this supposed claim, and I cannot see that he could do anything affirmatively through a suit against her. The services were general and founded upon a promise to pay therefor, made between persons who on account of their unity through marriage were not competent so to contract. The cases of *Kelly* agt. *Case* (18 *Hun*, 472); *Wood* agt. *Wood* (18 *Hun*, 350), and *Howland* agt. *Howland* (20 *Hun*, 472), and others of the same nature, are not inconsistent with the above.

These were efforts to recover specific property of the wife in suits by her against her husband. As the law gave her this property free from the control of her husband she has been allowed to recover its possession or its value.

I am of opinion that there should be judgment for the defendants on the demurrer.